ARCHER, Circuit Judge.
 

 Perfecto P. Belarmino appeals the decision of the United States Court of Veterans Appeals, No. 90-503, dated October 26, 1990, dismissing Belarmino’s appeal from the Board of Veterans’ Appeals (BVA) for
 
 *1544
 
 lack of jurisdiction. The Court of Veterans Appeals held that it lacked jurisdiction to hear the appeal because Belarmino filed a Notice of Disagreement (NOD) with the Veterans’ Administration prior to November 18, 1988.
 
 See
 
 section 402 of the Veterans’ Judicial Review Act of 1988 (VJRA), Pub.L. No. 100-687. We affirm.
 

 DISCUSSION
 

 Belarmino does not contend that the Court of Veterans Appeals erred in finding that he had filed his NOD before November 18, 1988. Instead, Belarmino challenges the constitutionality of section 402 of the VJRA, apparently on Fifth Amendment equal protection grounds, because the Court of Veterans Appeals was given jurisdiction in cases where the veteran filed a NOD on or after November 18, 1988, but not in cases where the veteran, like himself, filed a NOD before that date.
 

 We review an equal protection challenge to social and economic legislation under the rational basis test.
 
 See United States R.R. Retirement Bd. v. Fritz,
 
 449 U.S. 166, 175-76, 101 S.Ct. 453, 459-60, 66 L.Ed.2d 368 (1980). Under that test, disparate treatment of similarly situated groups is not unlawful if (1) a rational purpose underlies the disparate treatment, and (2) Congress has not achieved that purpose in a patently arbitrary or irrational way.
 
 Id.
 
 at 177, 101 S.Ct. at 460.
 

 Here, there can be no question but that the rational basis test is met. In granting the Court of Veterans Appeals jurisdiction over decisions of the BVA, Congress provided veterans a right to judicial review which they did not possess previously.
 
 See
 
 38 U.S.C. § 211(a) (1982). Moreover, the legislative history of the VJRA indicates that Congress had at least two practical reasons for limiting review by the Court of Veterans Appeals to cases in which a NOD is filed on or after the date of enactment of the VJRA. Specifically, Congress made that choice, first, to ensure that the new court would not be overwhelmed by a flood of cases immediately upon the commencement of its authority
 
 [1]
 
 and, second, to encourage petitioners to the new court generally to seek the representation of attorneys.
 
 [2]
 

 Accordingly, the determination by Congress in section 402 to limit access to the Court of Veterans Appeals is not contrary to constitutional right, power, privilege or immunity.
 
 See
 
 38 U.S.C. § 4092(d)(1)(B) (1988). The court correctly determined that it lacked jurisdiction over Belarmino’s appeal.
 

 AFFIRMED.
 

 [1]
 

 .
 
 See, e.g.,
 
 134 Cong.Rec. S16550 (daily ed. Oct. 18, 1988) (statement of Sen. Cranston) ("the new court should have a sufficient time before its effective date on September 1, 1989, in which to become fully operational before it receives its first significant number of cases”).
 

 [2]
 

 .
 
 See, e.g.,
 
 134 Cong.Rec. SI6550 (daily ed. Oct. 18, 1988) (statement of Sen. Cranston) ("The provision in section 104 of the compromise agreement, which amends section 2404(c) of title 38 relating to attorneys' fees, would be applicable to cases in which a notice of disagreement is filed after the date of the enactment of the compromise agreement. This will ensure that those veterans ... who would be able to bring their cases to the new court ... would be able to do so with the assistance of paid counsel”).