**Feliciano M. NAGAC, Sr.,
Petitioner/Appellant,**

v.

**Edward J. DERWINSKI, Secretary of
Veterans Affairs,
Respondent/Appellee.**

No. 91–7029.

United States Court of Appeals,
Federal Circuit.

May 15, 1991.

Feliciano M. Nagac, Sr., pro se.

Jeffrey J. Bernstein, Dept. of Justice, Washington, D.C., submitted for respondent/appellee. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Terrence S. Hartman, Asst. Director.

Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

ARCHER, Circuit Judge.

Feliciano M. Nagac, Sr. appeals from a decision of the United States Court of Veterans Appeals, No. 90–310 (June 29, 1990), dismissing Nagac's appeal from the Board of Veterans' Appeals (BVA) for lack of jurisdiction. The Court of Veterans Appeals held that it lacked jurisdiction to hear the appeal because Nagac had filed his Notice of Disagreement (NOD) with the Veterans' Administration prior to November 18, 1988. We affirm.

DISCUSSION

Section 402 of the Veterans' Judicial Review Act of 1988 (VJRA) limits the jurisdiction of the Court of Veterans Appeals over decisions of the BVA to those cases where a NOD was filed on or after November 18, 1988. *See* Pub.L. No. 100–687, Title IV, § 402, 102 Stat. 4105, 4122.

Nagac does not argue that the Court of Veterans Appeal erred in finding that he filed his NOD prior to November 18, 1988. Instead, Nagac cites various constitutional provisions, statutes, and case law to show that the Court of Veterans Appeals should have heard his appeal.

Nagac argues that section 402 violates the Constitution's Fifth Amendment guarantee of equal protection. This court, however, has held that the jurisdictional limitation of section 402 does not violate the constitutional right to equal protection. *See Belarmino v. Derwinski,* 931 F.2d 1543 (Fed.Cir.1991).

Nagac contends that the jurisdictional limitation of section 402 violates the constitutional prohibition against bills of attainder. The Bill of Attainder Clause of the Constitution, Art. I, § 9, proscribes any legislative act "that appl[ies] either to named individuals or to easily ascertainable members of a group in such a way as to inflict *punishment* on them without a judicial trial." *United States v. Lovett,* 328 U.S. 303, 315, 66 S.Ct. 1073, 1079, 1079, 90 L.Ed. 1252 (1946) (emphasis added). Because any act of Congress which employs a classification may be argued to "punish" the class of persons who are disadvantaged by the classification, *Lovett,* 328 U.S. at

324, 66 S.Ct. at 1083, the Supreme Court, in *Nixon v. Administrator of Gen. Servs.*, 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977), created several tests for determining whether a legislative act imposes forbidden punishment. *Selective Serv. Sys. v. Minnesota Pub. Interest Research Group*, 468 U.S. 841, 852, 104 S.Ct. 3348, 3355, 82 L.Ed.2d 632 (1984). None of these tests is met by section 402. The jurisdictional limitation of section 402 does not impose a punishment "traditionally adjudged to be prohibited by the Bill of Attainder Clause,"[1] *Nixon*, 433 U.S. at 475, 97 S.Ct. at 2806, and reasonably furthers nonpunitive Congressional goals.[2] *See id.* at 475–76, 97 S.Ct. at 2806–07. Moreover, the legislative record of the VJRA does not indicate that section 402's limitations on jurisdiction were intended to punish those adversely affected. *See id.* at 478, 97 S.Ct. at 2808.

We have considered Nagac's other arguments, including his contentions that the jurisdictional limitation of section 402 results in cruel and unusual punishment and violates sections 601 and 602 of the Civil Rights Act of 1964, but conclude that they are wholly without merit.

Accordingly, we hold that the determination by the Court of Veterans Appeals that it lacked jurisdiction was in accordance with law and was not contrary to constitutional right, power, privilege or immunity. *See* 38 U.S.C. § 4092(d)(1)(A), (B) (1988).

AFFIRMED.

---

1. Such punishments include "imprisonment, banishment, and the punitive confiscation of property by the sovereign" and the "barring [of] designated individuals or groups from participating in specified employment or vocations." *Nixon*, 433 U.S. at 474, 97 S.Ct. at 2806 (footnotes omitted).

2. The legislative history of the VJRA indicates that Congress included the jurisdictional limitation of section 402 in order to ensure that the Court of Veterans Appeals would not be flooded with cases upon its enactment and to encourage petitioners to the new court to seek legal representation. *Belarmino*, at 1544.