980 F.2d 742
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arthur N. BERNKLAU, Claimant-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7038.
 United States Court of Appeals, Federal Circuit.
 Oct. 9, 1992.
Rehearing Denied; Suggestion for Rehearing In Banc
Declined Nov. 25, 1992.
 
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Arthur N. Bernklau appeals to this court from a decision of the United States Court of Veterans Appeals ("CVA") that vacated and remanded an April 4, 1990 Board of Veterans Appeals' ("BVA") decision denying appellant's claim for entitlement to a total disability rating. Because we lack jurisdiction on several of the issues, we dismiss-in-part, and otherwise affirm-in-part.
 
 
 2
 Mr. Bernklau served in the Armed Forces from July, 1954 to June, 1955. After his retirement, the Veterans Administration ("VA") determined that Mr. Bernklau was entitled to a disability rating due to a service-connected lower back injury. Mr. Bernklau's disability rating was initially set at ten percent in 1956, and through a series of appeals and remands, the rating was finally increased to a level of seventy percent in an August 8, 1989 decision of the BVA, retroactive to November 3, 1983. At that time, the BVA again remanded the disability rating to the VA to determine whether Mr. Bernklau was unemployable by reason of service-connected disability and, therefore, entitled to a total disability rating.
 
 
 3
 On September 5, 1989, the regional office of the VA denied Mr. Bernklau's claim for a total disability rating. This issue was certified for appeal to the BVA. In a decision dated April 4, 1990, the BVA affirmed the VA's decision holding that "[Mr. Bernklau's] service-connected [lower back] disability does not render him unemployable or unable to obtain or retain [sedentary] employment in a field of endeavor for which he is qualified." Docket No. 87-26 401, at 6. Mr. Bernklau appealed this denial to the CVA.
 
 
 4
 On appeal, Mr. Bernklau variously moved for sanctions against the Secretary of Veterans Affairs and censure of the VA. The CVA denied these motions on October 24, 1991. The Secretary moved that the CVA vacate and remand the BVA's decision, which it did on February 14, 1992, stating that "the reasons or bases contained in the [BVA's] decision are not 'clear enough to permit effective judicial review.' " Bernklau v. Derwinski, No. 90-637 (Vet.App. Feb. 14, 1992) (order vacating and remanding) (quoting Gilbert v. Derwinski, 1 Vet.App. 49, 57 (1990)). The CVA also found that it was without jurisdiction to hear Mr. Bernklau's claim for retroactive compensation for higher disability ratings because the issue was not properly before the BVA at the time of its April 4, 1990 decision. The CVA entered judgment on March 23, 1992 after denying Mr. Bernklau's motion for reconsideration, or in the alternative, for review en banc. 2 Vet.App. 341 (1992).
 
 
 5
 Mr. Bernklau's appeal of the CVA's decision to vacate and remand the BVA's disability determination raises several jurisdictional issues. The jurisdiction of this court is "limited to those subjects encompassed within a statutory grant of jurisdiction." Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Jurisdiction of this court to review judgments of the United States Court of Veterans Appeals is governed by 38 U.S.C.A. § 7292 (West 1991), which reads, in pertinent part:
 
 
 6
 (d)(1) The Court of Appeals for the Federal Circuit shall decide all relevant questions of law, including interpreting constitutional and statutory provisions. The [Federal Circuit] shall hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter ) that was relied upon in the decision of the [CVA] that the [Federal Circuit] finds to be--
 
 
 7
 (A) arbitrary, capricious, and [an] abuse of discretion, or otherwise not in accordance with law;
 
 
 8
 (B) contrary to constitutional right, power, privilege, or immunity;
 
 
 9
 (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or
 
 
 10
 (D) without observance of procedure required by law.
 
 
 11
 (2) Except to the extent that an appeal under this chapter presents a constitutional issue, the [Federal Circuit] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.
 
 
 12
 (emphasis added). See Livingston v. Derwinski, 959 F.2d 224, 226 (Fed.Cir.1992).
 
 
 13
 Mr. Bernklau contends that the CVA's remand to the BVA is improper because the CVA either had no factual basis on which to support its remand, or altogether misinterpreted the pertinent facts. We do not reach the merits of this issue. The BVA is required to provide a statement of the "reasons or bases for [its] findings and conclusions...." 38 U.S.C.A. § 7104(d)(1) (West 1991). In holding that the BVA's "reasons and bases" were not "clear enough to permit effective judicial review," the CVA determined that the BVA's opinion failed to meet the statutory requirements of section 7104. Thus, Mr. Bernklau challenges the application of a law to the specific facts before the CVA. We therefore lack jurisdiction to consider this issue. 38 U.S.C.A. § 7292(d)(2)(B).
 
 
 14
 The same is true for Mr. Bernklau's contention that the CVA incorrectly found itself without jurisdiction to hear Mr. Bernklau's claim for retroactive compensation because the issue was not properly before the BVA at the time of its April 4, 1990 decision. Issues not before the BVA may not be considered by the CVA. Branham v. Derwinski, 1 Vet.App. 93, 94 (1990). Whether or not the issue of retroactive compensation was before the BVA on April 4, 1990 is a factual determination on which the CVA relied in drawing its conclusion. We are therefore without jurisdiction to review this issue. 38 U.S.C.A. § 7292(d)(2)(A).
 
 
 15
 Mr. Bernklau also argues that the CVA erred as a matter of law in denying his motions for the imposition of sanctions upon the Secretary of Veterans Affairs. The CVA's decision not to impose such a penalty, however, clearly rests on its application of law to the factual record. Thus, we are without jurisdiction to hear this issue. 38 U.S.C.A. § 7292(d).
 
 
 16
 Mr. Bernklau further argues that the CVA erred as a matter of law in denying his motion for summary judgment in view of the "well documented facts." Whether a motion for summary judgment should have been granted is a question of law. However, because consideration of Mr. Bernklau's motion requires an analysis of the factual background of the motion, we lack jurisdiction over this issue. 38 U.S.C.A. § 7292(d).
 
 
 17
 We also reject the other grounds upon which Mr. Bernklau appeals. His contentions that the Veterans' Judicial Review Act, Pub.L. No. 100-67, 102 Stat. 4105 (1988), is unconstitutional were not raised before the CVA and therefore need not be entertained on appeal. Wallace v. Department of Air Force, 879 F.2d 829, 832 (Fed.Cir.1989). In any event, this court has sustained the constitutionality of that Act. See, e.g., Nagac v. Derwinski, 933 F.2d 990, 990 (Fed.Cir.), cert. denied, 112 S.Ct. 384 (1991); Belarmino v. Derwinski, 931 F.2d 1543, 1544 (Fed.Cir.1991). Mr. Bernklau's other contentions (among them that the Honorable Donald Ivers must be disqualified to sit on any CVA case, and that it is improper for VA attorneys to be housed in the same building as the CVA) wholly lack merit.
 
 
 18
 For the above reasons, we dismiss those parts of Mr. Bernklau's appeal over which we lack jurisdiction, and otherwise affirm the judgment of the United States Court of Veterans Appeals.
 
 
 19
 No costs.
 
 
 20
 DISMISSED-IN-PART and AFFIRMED-IN-PART.