33 F.3d 64
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William P. BANDMAIER, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7013.
 United States Court of Appeals, Federal Circuit.
 Feb. 3, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss William P. Bandmaier's appeal for lack of jurisdiction. Bandmaier has not filed a response.
 
 
 2
 Bandmaier seeks review of the October 14, 1993 order of the Court of Veterans Appeals dismissing his appeal for lack of jurisdiction. The Court of Veterans Appeals based its dismissal in part on the ground that Bandmaier did not file a post-November 18, 1988 notice of disagreement with the regional office because the regional office decision being appealed was issued in 1983. See 38 U.S.C. Sec. 7251 note (veteran may only appeal Board of Veterans Appeals' decision to the Court of Veterans Appeals when a notice of disagreement is filed after November 18, 1988). See also Belarmino v. Derwinski, 931 F.2d 1543 (Fed.Cir.1991) (upholding constitutionality of Sec. 7251 note [formerly Sec. 402].
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Bandmaier challenges the application of the law (Sec. 7251 note) to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.