# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-2016

Kenneth J. McPhail, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

Before IVERS, *Chief Judge*, and STEINBERG and HAGEL, *Judges*.

## O R D E R

Appellant, Kenneth J. McPhail, through counsel, appeals from an October 30, 2002, Board of Veterans' Appeals (BVA or Board) decision that denied his claim of entitlement to an effective date earlier than August 6, 1991, for the grant of service connection for chronic paranoid schizophrenia and bipolar disorder based on clear and unmistakable error (CUE) in decisions issued by a VA regional office (RO) in May 1986 and March 1993. Record (R.) at 1-11. The appellant and the Secretary filed briefs.

During the pendency of the appeal, the United States Court of Appeals for the Federal Circuit (Federal Circuit) ruled in *Barrett v. Principi*, 363 F.3d 1316 (Fed. Cir. 2004), reversing this Court's holding that it lacked jurisdiction because the appellant there had failed to file a Notice of Appeal (NOA) within the 120-day judicial appeal period set forth in 38 U.S.C. § 7266(a). In *Barrett*, the Federal Circuit held that "even if it is not related to the veteran's underlying claim for benefits, mental illness may justify the tolling of section 7266(a)'s 120-day period for appeal if certain conditions are satisfied." *Barrett*, 363 F.3d at 1320. Following the Federal Circuit's *Barrett* ruling, this Court granted the appellant's motion for leave to file supplemental briefing addressing the applicability of *Barrett* to the instant appeal. The appellant and the Secretary each filed supplemental briefs in response.

This appeal is timely, and the Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court will affirm the October 2002 Board decision in part and otherwise dismiss the appeal. The only issue raised by the appellant is whether the Board erred in determining that mental incapacity cannot, as a matter of law, provide the basis for equitable tolling of the time limit for the filing of a Notice of Disagreement (NOD).

The appellant served in the Louisiana Army National Guard from February 3, 1980, to July 31, 1984, with active duty for training from June 2 to 16, 1984. R. at 2, 16. In November 1985, the appellant 's wife filed on his behalf a claim for service connection for "mental illness." R. at 101-04, 106-07. In a May 3, 1986, decision, a VARO denied the appellant's claim. R. at 128-29. The RO

found that none of the evidence of record indicated that the diagnosed mental illness was incurred in or aggravated during service.  *Id.*  The record contains no further correspondence from the appellant to VA until August 1991.  *See* R. at 1-631.  Nor does the record contain any evidence that the appellant sought at any time to avail himself of relief afforded under 38 C.F.R. § 3.109(b), which allows for an extension "for good cause shown," of the time limit within which claimants must act to perfect a claim or challenge an adverse VA decision.  *See* R. at 1-631.  (The Court notes that the good-cause requirement for extension in § 3.109(b) was promulgated in April 1990.  *See* 55 Fed. Reg. 13,522 (Apr. 11, 1990).)  Having failed to request an extension under 38 C.F.R. § 3.109(b), the appellant now, in effect, seeks an extension of time by application of the doctrine of equitable tolling.

On August 6, 1991, the appellant filed a claim to reopen his previously disallowed claim by filing a new benefits application.  R. at 147-51.  In an October 1991 decision, the RO found that his service records contained no evidence of any nervous condition and that the "[f]irst evidence of any nervous disorder is shown on 7-9-84, with veteran admitted to East Louisiana State Hospital, with continuing treatment shown for bipolar disorder through 1991."  R. at 232.  Because the RO found that the appellant's illness first appeared after his period of active duty, it denied entitlement to service connection.  *Id.*  He timely filed an NOD with respect to the October 1991 RO decision.  R. at 248.  In February 1992, the RO confirmed its denial of his claim and issued a Statement of the Case (SOC) after finding that the appellant had not submitted new and material evidence.  R. at 251, 253-58.

On March 24, 1993, the RO awarded the appellant service connection for chronic paranoid schizophrenia and bipolar disorder, rated 50% disabling, effective August 6, 1991.  R. at 401-03. Through his physician, the appellant filed an NOD with respect to both the 50% rating and the August 1991 effective date assigned in the March 1993 RO decision.  R. at 475-76.  In a May 1994 decision, the RO increased the appellant's disability rating for his illness to 100%, effective August 6, 1991, but denied an earlier effective date.  R. at 483-86.  There is no evidence in the record that the appellant ever filed an NOD with respect to the May 1994 RO decision.  *See* R. at 1-631.

In January and March 1999, the appellant sent to the RO letters in which he again sought an earlier effective date.  R. at 513-15, 517-19, 521, 523.  In April 1999, he was afforded a hearing before an RO hearing officer.  R. at 531-40.  The appellant testified under oath that he did not recall receiving notice of the May 1986 RO decision denying his claim and that, even if he had received such notice, his mental illness would have prevented him from understanding that he needed to file an NOD with respect to that decision.  R. at 536.  The appellant argued that the RO's failure to toll the statutory period for filing an NOD based on his mental incapacity during the period between the May 1986 decision and August 1991, when he filed his claim to  reopen, constituted CUE in the March 1993 RO decision.  R. at 532, 536-39.  A May 1999 decision of the RO hearing officer concluded that the May 1986 and March 1993 decisions did not contain CUE and that the appellant was not entitled to an earlier effective date.  R. at 542-43.  In May 2001, the Board afforded him a

hearing at which he repeated the arguments he previously raised before the RO hearing officer in April 1999. R. at 585-601.

In the October 2002 decision now on appeal, the Board found no CUE in the May 1986 or March 1993 RO decisions. The Board also found that the 1986 RO decision was final (R. at 2) and concluded that, as a matter of law, the statutory deadline for filing an NOD cannot be tolled on the basis of a claimant's mental illness (R. at 9-11).

In his brief, the appellant argues only that the Board erred in determining that mental incapacity could not, as a matter of law, provide the basis for tolling the statutory one-year period for filing an NOD, and that, as a result of mental incapacity, the one-year period for filing an NOD following the May 1986 RO decision should have been tolled. Appellant's (App.) Brief (Br.) at 3-6. In his brief, the Secretary argues as follows: (1) Because the appellant's brief addresses only that part of the Board decision that discussed equitable tolling, the appellant has abandoned his CUE claims, and "the finality of the May 1986 RO decision is no longer at issue, the assignment of the effective date is not in issue, and the equitable-tolling argument is not properly before the Court" (Secretary's Br. at 5); and (2) VA regulations provide a means for extending the time limit for filing an NOD under 38 C.F.R. § 3.109(b) (2004) and the appellant did not pursue an extension through that mechanism (*id.* at 9-10).

This Court has consistently held that any claims not raised on appeal are abandoned. *Johnston v. Brown*, 10 Vet.App. 80, 86 (1997); *Phillips v. Brown*, 10 Vet.App. 25, 27 (1997); *Watai v. Brown*, 9 Vet.App. 441 (1996); *Bucklinger v. Brown*, 5 Vet.App. 435 (1993). We, accordingly, agree with the Secretary that, on appeal, the appellant abandoned his allegations of CUE in the May 1986 and March 1993 RO decisions. In fact, the appellant falls far short of alleging any error that could be considered CUE. "If a claimant-appellant wishes to reasonably raise CUE, there must be some degree of specificity as to what the alleged error is." *Fugo v. Brown*, 6 Vet.App. 40, 44 (1993). Here, however, the appellant has failed to address CUE in any way; indeed, that term appears nowhere in either of his briefs. *See* App. Br. 1-6; App. Supplemental (Suppl.) Br. At 1-6. He does not point to any evidence that establishes that either the correct facts, as they were known at the time, were not before the Board, nor does he aver that the statutory or regulatory provisions extant at the time of the Board decision now on appeal were incorrectly applied. *See Eddy v. Brown*, 9 Vet.App. 52, 57 (1996). Rather, the appellant's sole argument is that the Board erred in its determination that mental incapacity is not a basis for tolling the statutorily prescribed NOD filing period. App. Br. at 1-6.

In his supplemental brief, the appellant argues that the principle of equitable tolling, which may be applied to the 120-day period for filing an NOA with this Court under the Federal Circuit's *Barrett* opinion, *supra*, applies equally to the one-year period for filing an NOD with an RO in order to initiate an appeal to the Board. App. Suppl. Br. at 4. The Secretary, however, argues that the appellant misstates *Barrett*'s holding, which, the Secretary contends, "is silent as to the equitable tolling of the jurisdictional deadline for filing a Notice of Disagreement in cases involving challenges

to prior, final, regional office decisions through claims of clear and unmistakable error." Secretary's Reply to App. Suppl. Br. at 3-4.

The Court need not decide whether equitable tolling applies to section 7105 nor does it need to address the applicability of *Barrett* to this appeal. Because the appellant has abandoned his claims of CUE and does not specifically argue that a prior adjudication is not final, there is no foundation upon which the doctrine of equitable tolling can be laid in this case. Accordingly, the Court holds that the appellant's CUE claims are no longer at issue and that the issue of equitable tolling based on mental incapacity is not properly before the Court.

Moreover, even were that equitable-tolling question before the Court (either based on an argument that the 1993 RO decision contained CUE or based on an argument that the May 1986 RO decision is not final, *see Mason v. Brown*, 8 Vet.App. 44, 53-58 (1995)), the appellant would have no basis for seeking equitable tolling of the NOD filing period. The appellant did not merely submit a *late* NOD with respect to the May 1986 RO decision, he *never* submitted one at all. Moreover, he conceded at his April 1999 hearing that he was aware, at least at that point, of the May 1986 RO decision and of the NOD requirement in order to appeal that decision. R. at 531-32, 536-37. In addition, he had argued at that hearing that the period between May 1986 and August 1991, when he sought to reopen his claim, should be tolled. *Ibid*. He, therefore, had one year commencing in August 1991 or, at the latest, one year commencing in April 1999 to file an NOD.

Thus, even assuming that equitable tolling would apply to the one-year period for filing an NOD and assuming that the one-year period began to run, at the latest, in April 1999, the appellant did not file an NOD during that period. *See Rosler v. Derwinski*, 1 Vet.App. 241, 245-49 (1991) (holding that claimant's filing of reconsideration motion with Board during 120-day judicial appeal period of 38 U.S.C. § 7266 tolled start of that appeals period until BVA mailed to claimant notice of its denial of that motion, at which time the 120-day appeal period started anew); *see also Ashley v. Derwinski*, 2 Vet.App. 307, 311 (1992) (holding that, where appellant established that Secretary's practice in mailing BVA decisions was irregular, 120-day judicial appeal period began to run when defect in mailing was cured, that is, when appellant's representative actually received copy of Board decision). Equitable tolling of a time period is generally available to perform an action within that period only if the action had actually been performed. *Cf. Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 861 (10th Cir. 1996) (rejecting argument that statute of limitations ought to be tolled indefinitely, stating that accrual of claim will be tolled if party makes good-faith attempt to exhaust grievance procedures, and concluding that district court did not abuse its discretion in refusing to apply equitable-tolling doctrine to claim); 38 C.F.R. § 3.109(b) (providing that time limits within which claimants are required to act to challenge adverse VA decision may be extended for "good cause shown" and requiring that where extension is requested after expiration of time limit, *"the action required of the claimant . . . must be taken concurrent with or prior to the filing of a request for extension of the time limit*, and good cause must be shown as to why the required action could not have been taken during the original time period and could not have been taken sooner than it was"") (emphasis added); *Mason*, 8 Vet.App. at 56 (concluding that where no Substantive Appeal had been

filed and no request for an extension had been made, the Board's findings (1) that RO decision was final and (2) that claimant had not completed timely appeal from that RO decision were not clearly erroneous). That is not the situation here, and the Court has been unable to find any case where equitable tolling was applied to performing an action on a timely basis where the action had not ultimately been performed. In addition, the Court notes that the appellant has not filed a "defective" NOD within the statutory period. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (noting that equitable tolling is allowed, inter alia, where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period"). Accordingly, the Court will affirm the Board decision to the limited extent that it concluded that the May 1986 RO decision became final (R. at 2, 10) and will dismiss the appeal in all other respects.

Upon consideration of the foregoing, it is

ORDERED that the October 30, 2002, Board decision is AFFIRMED in part and that this appeal is otherwise DISMISSED.

DATED: February 25, 2005                                         PER CURIAM.

5