NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7118

KENNETH J. MCPHAIL,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: February 27, 2006

_____

Before NEWMAN, DYK, and PROST, Circuit Judges.

PROST, Circuit Judge.

Kenneth J. McPhail appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the decision of the Board of Veterans' Appeals (the "Board") in part, and dismissing the remainder of Mr. McPhail's appeal, in which he sought to extend the doctrine of equitable tolling as described by this court in Barrett v. Principi, 363 F.3d 1316 (Fed. Cir. 2004), to 38 U.S.C. § 7105(b)(1). McPhail v. Nicholson, 19 Vet. App. 30 (2005). Because Mr. McPhail did not assert that he had filed a notice of disagreement ("NOD") before the Board or the Veterans Court we decline to review that argument for the first time on appeal. Accordingly, we affirm.

BACKGROUND

Mr. McPhail served in the Louisiana Army National Guard from February 3, 1980 through July 31, 1984, with active duty training from June 2 through 16, 1984. In November 1985, Mr. McPhail's wife filed a claim for service connection for mental illness on his behalf, which was denied by a Department of Veterans Affairs ("DVA") regional office ("RO") on May 3, 1986. The RO found that the evidence of record did not support a finding that Mr. McPhail's diagnosed mental illness was incurred or aggravated during his period of service. Between 1986 and 1991, Mr. McPhail did not file an NOD to appeal the RO decision or seek an extension of time to do so pursuant to 38 C.F.R. § 3.109(b)[1].

On August 6, 1991, Mr. McPhail filed a new benefits application in which he sought to reopen his previously disallowed claim. In October 1991, the RO denied his claim, finding that his illness first appeared after his period of active duty and that therefore, he had failed to establish his entitlement to service connection. Mr. McPhail timely filed an NOD with respect to the RO's October 1991 denial of his reopened claim.

---

[1]      38 C.F.R. § 3.109(b) provides that
[t]ime limits within which claimants or beneficiaries are required to act to perfect a claim or challenge an adverse VA decision may be extended for good cause shown. Where an extension is requested after expiration of a time limit, the action required of the claimant or beneficiary must be taken concurrent with or prior to the filing of a request for extension of the time limit, and good cause must be shown as to why the required action could not have been taken during the original time period and could not have been taken sooner than it was. Denials of time limit extensions are separately appealable issues.
Although promulgated in April 1990, the government stated during oral argument that has been applied retroactively.

In February 1992, the RO confirmed its denial of his claim and issued a Statement of the Case[2] after finding that he had not submitted new and material evidence.

On March 24, 1993, the RO awarded Mr. McPhail service connection for chronic paranoid schizophrenia and bipolar disorder, rated 50% disabling, effective August 1991 based upon the receipt of medical evidence that connected Mr. McPhail's mental illness to his period of active duty. Through his physician, Mr. McPhail filed an NOD with respect to both the 50% rating and the August 1991 effective date assigned in the March 1993 RO decision. In May 1994, the RO increased his disability rating to 100%, effective August 6, 1991, but denied an earlier effective date. The Veterans Court found no evidence in the record that Mr. McPhail filed an NOD with respect to the May 1994 RO decision.

In January and March 1999, Mr. McPhail sent the RO letters in which he again sought an earlier effective date. In April 1999, during a hearing before an RO hearing officer, Mr. McPhail testified under oath that he did not recall receiving notice of the May 1986 RO decision denying his claim and that, even if he had received such notice, his mental illness would have prevented him from understanding that he needed to file an NOD with respect to that decision if he disagreed with the outcome. He also argued that the RO's failure to toll the statutory period for filing an NOD based on his mental incapacity between the May 1986 decision and August 1991, when he filed his claim to

---

[2] The issues presented in the 1992 Statement of the Case were "[w]hether evidence is new and material to reopen veteran's claim for service connection for an acquired psychiatric disorder previously denied" and that the "[v]eteran disagrees with the denial of service connection for his nervous condition." Statement of the Case, K. J. McPhail, Feb. 19, 1992. Nothing in the 1992 Statement of the Case indicates that McPhail argued that he had filed an NOD with respect to the RO's 1986 decision.

reopen, constituted clear and unmistakable error ("CUE") in the March 1993 RO decision. A May 1999 decision of the RO hearing officer concluded that the May 1986 and March 1993 decisions did not contain CUE and that he was not entitled to an earlier effective date. Mr. McPhail filed an NOD with respect to the RO's May 1999 decision, which subsequently triggered the RO to issue another Statement of Case[3] in July 1999.

In May 2001, he was afforded a hearing before the Board during which he repeated the same arguments he had previously raised before the RO hearing officer in April 1999, namely, that the May 1986 and March 1993 decisions of the RO contained CUE. In an October 9, 2001 decision, the Board concluded that there was no CUE in the 1986 or 1993 RO decisions. Mr. McPhail appealed the Board's decision to the Veterans Court. In March 2002, the parties jointly filed a motion to remand the case to the Board so that the Board could clarify its decision. In an October 2002 decision on remand, the Board found that there were no CUEs in the May 1986 or March 1993 RO decisions. Additionally, the Board found that the 1986 RO decision was final and that, as a matter of law, the statutory deadline for filing an NOD cannot be tolled on the basis of a claimant's mental illness. Furthermore, the Board noted that there was no indication of record that Mr. McPhail or his representative had filed a request for an extension of time for good cause pursuant to 38 C.F.R. § 3.109(b).

---

[3] The July 1999 Statement of the Case identified the issue as "[w]hether the decision to grant service connected [sic] for paranoid schizophrenia and bipolar disorder, effective August 6, 1991 was clearly and unmistakably erroneous." Statement of the Case, K. J. McPhail, July 6, 1999. Again, nothing in the 1999 Statement of the Case indicates that McPhail argued that he had filed an NOD with respect to the RO's 1986 decision.

Mr. McPhail appealed the Board's decision to the Veterans Court arguing only that the Board erred in determining that mental incapacity could not, as a matter of law, provide the basis for tolling the statutory one-year period for filing an NOD, and that, as a result of his mental incapacity, the one-year period for filing an NOD following the May 1986 RO decision should have been tolled. In supplemental briefing, Mr. McPhail also asserted that the principle of equitable tolling applies to the one-year period for filing an NOD with an RO in order to initiate an appeal to the Board.

The Veterans Court found that Mr. McPhail had abandoned his allegations of CUE in the May 1986 and March 1993 RO decisions because he did not argue that anything constituted CUE, nor did he even mention the term CUE. Additionally, the court noted that there was a lack of foundation upon which the doctrine of equitable tolling could be laid and therefore, the court did not decide whether equitable tolling applies to 38 U.S.C. § 7105 or whether our holding in Barrett was applicable to Mr. McPhail's appeal. Although the court also expressed its views on the equitable tolling question raised by Mr. McPhail, those views did not form the basis for the court's holding.

Mr. McPhail timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

This court reviews decisions by the Veterans Court deferentially. Under 38 U.S.C. § 7292(d)(1), we must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory

jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2000). Except for constitutional issues, we may not review any "challenge to a factual determination" or any "challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

On appeal, Mr. McPhail contends that: (1) he properly presented the issue of equitable tolling to the Veterans Court challenging the finality of the RO's rating decision of May 1986, (2) the doctrine of equitable tolling applies to the time limit set forth in 38 U.S.C. § 7105(b)(1), and (3) the Veterans Court improperly exceeded its jurisdiction by making factual findings on whether Mr. McPhail filed a valid NOD with respect to the 1986 RO decision. Thus, he requests that we remand the case for reconsideration of an earlier effective date.

The government argues in response that (1) equitable tolling cannot apply to Mr. McPhail's case because the 1986 RO decision is final and he abandoned his claims of CUE, (2) equitable tolling cannot apply to Mr. McPhail's case because he failed to submit an NOD or a request for an extension of time within which to submit an NOD, and (3) the Veterans Court did not improperly engage in fact-finding because the issue of whether a document constitutes an NOD is a question of law for the Veterans Court to determine de novo under 39 U.S.C. § 7261(a)(1).

In order to initiate an appeal of an adverse RO decision, a claimant must submit an NOD within one year after the date upon which notice of the adverse decision is mailed to the claimant. See 38 U.S.C. § 7105(a), (b)(1) (2000 & Supp. 2001). "[A] notice of disagreement has a specific meaning in the context of these cases: it is a

document that initiates an appeal from an agency of original jurisdiction." Burton v. Derwinski, 933 F.2d 988, 989 (Fed. Cir. 1991). "If no notice of disagreement is filed in accordance with this chapter within the prescribed period, the action or determination shall become final and the claim will not thereafter be reopened or allowed, except as may otherwise be provided by regulations not inconsistent with this title." 38 U.S.C. § 7105(c) (2000). As this court observed in Cook v. Principi "[p]rinciples of finality and res judicata apply to agency decisions that have not been appealed and have become final." 318 F.3d 1334, 1336-37 (Fed. Cir. 2002).

This, however, is not to say that an appellant has no further options. There are two statutory exceptions to the rule of finality. Id. at 1337. The first exception, pursuant to 38 U.S.C. § 5108, is "[i]f new and material evidence [regarding the claim] is presented or secured." Id. And the second, pursuant to 38 U.S.C. § 5109A, is that an RO decision "is subject to revision on the grounds of clear and unmistakable error." Id. Additionally, the Secretary has promulgated 38 C.F.R. § 3.109(b), which allows for an extension of the one-year time limit to file an NOD for "good cause" shown. Thus, a claimant who fails to file an NOD within the one-year time limit has the ability to seek such an extension to file an NOD after the time limit for doing so has expired.

It is undisputed that Mr. McPhail did not file an appeal with respect to the May 1986 or May 1994 RO rating decisions. Thus, pursuant to 38 U.S.C. § 7105(c) those rating decisions became final. Recognizing this, Mr. McPhail took advantage of the second exception to finality, arguing to the Board in May 2001 that the May 1986 and March 1993 rating decisions by the RO contained CUE. It also appears that Mr. McPhail argued that the time frame for filing an appeal of the May 1986 RO rating

decision should be equitably tolled based on his mental incapacity. In other words, on the one hand he recognized that the 1986 decision was final and argued for an exception to finality (i.e., CUE), while on the other hand his theory of equitable tolling would necessarily be predicated on the argument that the decision was not final. Mr. McPhail, however, did not actually assert that the rating decisions were not final, or that certain statements made by himself or his representative constituted an NOD. Additionally, it is undisputed that Mr. McPhail never availed himself of 38 C.F.R. § 3.109(b) by seeking an extension of time to file an NOD for good cause.

On appeal to this court, Mr. McPhail asserts, it appears for the first time, that certain statements made by himself and his representative constitute valid NODs and that therefore the time period for filing an NOD should be equitably tolled. Mr. McPhail, however, did not raise this argument at the Board or before the Veterans Court. Both before the Board and the Veterans Court, Mr. McPhail had merely asserted that the broad principle of equitable tolling should apply, even though he failed to provide a foundation upon which the period could be tolled because he did not assert that he had ever filed an NOD. Thus, neither the Board nor the Veterans Court had the opportunity to consider whether the statements asserted by Mr. McPhail constituted NODs. We will

not, in the first instance, attempt to determine whether the statements asserted by Mr. McPhail constituted a valid NOD because Mr. McPhail did not assert this theory of his case below. Accordingly we affirm.[4]

---

[4] This is not to say, however, that Mr. McPhail is without a remedy. As the government acknowledged at oral argument, Mr. McPhail may still file an NOD along with a request for the good cause extension provided under 38 C.F.R. § 3.109(b).The discussion at oral argument was as follows:

> The Court: Even today, assuming he is still disabled, why isn't he able today to go in and a file a motion under the regulation [38 C.F.R. § 3.109(b)] to . . . get an extension of time to file a notice of disagreement?
>
> Government: It would be still available to him your honor. . . . That would be still available to him. Yes, your honor.

We, of course, express no opinion as to whether Mr. McPhail could establish good cause for such an extension.