**Nancy A. NOLL, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 90–1364.**

United States Court of Veterans Appeals.

May 3, 1993.

Arthur T. McDermott, Carlisle, PA, was on the brief, for appellant.

James A. Endicott, Acting Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Joan E. Moriarty, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, FARLEY and HOLDAWAY, Associate Judges.

FARLEY, Associate Judge:

In an August 6, 1990, decision, the Board of Veterans' Appeals (Board or BVA) denied entitlement to service connection for the cause of the death of appellant's late husband, retired Marine Lieutenant Colonel (LTC) Ernest G. Noll, Jr. A timely appeal to this Court followed. On February 10, 1992, appellant, through counsel, filed a

brief and a motion for oral argument. On April 15, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay of proceedings. Appellant's reply brief and opposition to the Secretary's motion for summary affirmance was filed on May 4, 1992.

## I.

The record reflects that LTC Noll retired from the Marine Corps on October 1, 1983, following more than twenty years of service. R. at 175. In December 1985, after three months of treatment for changes in bowel function, he was diagnosed as having metastatic pancreatic carcinoma. R. at 132, 159. LTC Noll died on May 10, 1986. R. at 162. The cause of death was listed as cardiopulmonary arrest due to metastatic pancreatic carcinoma. *See* R. at 170.

The Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) denied appellant's claim for Dependency and Indemnity Compensation (DIC) benefits in an October 6, 1986, rating decision on the ground that her husband's death was not service connected. R. at 170. Appellant's Notice of Disagreement (NOD), a handwritten letter which stated, "[T]his is a notice of disagreement with the decision made on my claim for DIC," was stamped "recorded" on November 3, 1986. R. at 171. In a decision dated June 21, 1988, the BVA remanded the matter for the RO to obtain additional medical information and to review appellant's claim. R. at 183–84. The Board's action was prompted by the "complex" nature of the veteran's illness and apparently conflicting statements in the record:

A clinical consultation of record dated in January 1986 notes that "pancreatic carcinoma is a notoriously bad disease with approximately a quarter percent two-year survival." However, another clinical consultation of record dated in March 1987 notes that, when the veteran was examined in the winter of 1985, he had a very progressive lesion which, based on doubling time and the natural history of the disease, had been present for at least two years.

R. at 183. The Board directed that all treatment and examination records, pathology reports, tissue slides, and cell blocks be secured from the treating institutions and the veteran's employers. *Id.*

In a decision dated November 9, 1988, the RO concluded that the medical reports obtained in compliance with the BVA remand did not establish service connection for the cause of the veteran's death. R. at 248. The VA sent appellant a Supplemental Statement of the Case (SSOC), under cover of a letter dated November 21, 1988, which noted that the SSOC was "in further reference to the appeal you have filed" and advised that if appellant had already appealed "with respect to the issues contained in the original Statement of the Case ... a response at this time is optional." R. at 249–52. On January 3, 1989, appellant's American Legion representative submitted VA Form 1–646, Statement of Accredited Representative in an Appealed Case, which supported appellant's "slow growing lesion" argument and requested the award of DIC benefits which had been denied. R. at 253–54. In a decision dated July 26, 1989, the BVA again remanded appellant's claim and directed that the agency of original jurisdiction associate the December 6, 1985, operative report and all pathology reports, tissue slides, and cell blocks with the adjudication folder and conduct a review. R. at 257–59. The Board further instructed that

[i]f [the claim] remains in a denied status, the appellant and her representative should be furnished a supplemental statement of the case. Thereafter, the case should be returned to the Board of Veterans Appeals, if necessary.

R. at 258–59. In a December 7, 1989, decision, the RO indicated that "[a]ll evidence [is] now received ..." and concluded that the evidence "does not warrant any change in prior decision. Reasonable doubt considered." R. at 287. The RO provided appellant with a second SSOC on December 15, 1989. R. at 288–91. Appellant's representative submitted a second VA Form 1–646 on June 4, 1990, on which he expressed

disagreement with the December 1989 RO decision by checking a box beside the statement "I rest the appeal on the answer to the [S]tatement of the [C]ase and the hearing on appeal." R. at 292.

## II.

■ The issue of whether the Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991) must be resolved before the Court can reach the merits of appellant's claim. Although the parties do not question the Court's jurisdiction to consider this appeal, "subject matter jurisdiction cannot be conferred on the court." *Tuvia Convalescent Center v. National Union*, 717 F.2d 726, 729 n. 1 (2d Cir.1983). A Court is obligated to determine, sua sponte, whether it has jurisdiction. *In Re Chateaugay Corp.*, 838 F.2d 59, 61 (2d Cir.1988). This Court's jurisdiction derives exclusively from the statutory grant of authority provided by Congress and the Court may not extend its jurisdiction beyond that permitted by law. *See Prenzler v. Derwinski*, 928 F.2d 392 (Fed.Cir.1991). As established by the Veterans' Judicial Review Act, Pub.L. No. 100–687 § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note), this Court has jurisdiction only over cases in which an NOD was filed on or after November 18, 1988. This statutory limitation on the right to judicial review has been held to be "not contrary to constitutional right, power, privilege or immunity." *Belarmino v. Derwinski*, 931 F.2d 1543, 1544 (Fed.Cir. 1991); *see also Burton v. Derwinski*, 933 F.2d 988 (Fed.Cir.1991); *Nagac v. Derwinski*, 933 F.2d 990 (Fed.Cir.1991).

■ In light of our recent decision in the case of *Hamilton v. Brown*, 4 Vet.App. 528 (1993) (*en banc*), and 38 U.S.C.A. § 7105 (West 1991), the Court lacks the requisite jurisdiction to decide appellant's claim. As we determined in *Hamilton,*

> [t]here can be only one valid NOD as to a particular claim, extending to all subsequent RO and BVA adjudications on the same claim until a *final* RO or BVA decision has been rendered in that mat-

ter, or the appeal has been withdrawn by the claimant.... [W]here the BVA remands to an RO for further development and readjudication a claim previously decided by the RO and properly appealed to the BVA ... an expression of disagreement with a subsequent RO readjudication on remand cannot be an NOD.

(Emphasis in original). *Id.* at 538. The only "NODs" which appellant filed after the delimiting date of November 18, 1988, were the two VA 1–646 forms submitted in 1989 and 1990, respectively. R. at 254, 292. The 1989 VA Form 1–646 expressed the representative's agreement with appellant's "slow growing lesion" contention, and requested that further consideration be given to this theory and that "the veteran's widow be awarded DIC benefits." R. at 254. Appellant's 1990 VA Form 1–646 indicated that appellant's representative rested his appeal "on the answer to the [S]tatement of the [C]ase and the hearing on appeal." R. at 292. Appellant's 1989 and 1990 disagreements were, however, filed in response to RO readjudications on remand from the BVA and are invalid under *Hamilton, supra*. Therefore, because the August 6, 1990, decision which forms the basis of this appeal was initiated by appellant's November 3, 1986, NOD, the case must be dismissed.

Accordingly, appellant's request for oral argument and the Secretary's motion for summary affirmance are both denied as moot, and the appeal from the August 6, 1990, decision of the Board of Veterans' Appeals is DISMISSED.