Paul DANKO, Jr., Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 90–911.

United States Court of Veterans Appeals.

Aug. 26, 1993.

Before STEINBERG, █ Judge.

## ORDER

Appellant appeals from a May 10, 1990, decision of the Board of Veterans' Appeals

(BVA or Board) denying entitlement to an increased rating for a service-connected left-shoulder disability (separation, left acromioclavicular joint), currently rated as noncompensable. In a May 13, 1993, order, the Court, sua sponte, raised a question as to whether it had jurisdiction over the appeal. *See Zevalkink v. Brown,* No. 91–1683, slip op. at 5 (Aug. 17, 1993) (whether or not parties raise the issue, "the Court must first determine whether it has jurisdiction over the appealed claims"); *Noll v. Brown,* 5 Vet.App. 80, 82 (1993) (same); *Skinner v. Derwinski,* 1 Vet.App. 2, 3 (1990) ("courts may not in any case, even in the interest of justice, extend their jurisdiction where none exists"). The Court ordered the Secretary of Veterans Affairs (Secretary), within thirty days after the date of that order, to file a memorandum and supplemental record addressing the jurisdictional issue and ordered appellant, within thirty days thereafter, to show cause why the appeal should not be dismissed. On June 14, 1993, the Secretary filed the memorandum and supplemental record and also filed a motion to dismiss the appeal for lack of jurisdiction. On July 19, 1993, appellant filed a reply to the Court's order and the Secretary's motion to dismiss.

■ In order for this Court to have jurisdiction over a claim on appeal from an adverse BVA decision, a claimant or his or her representative must have filed with a Department of Veterans Affairs (VA) regional office (RO) a valid Notice of Disagreement (NOD) with respect to that claim on or after November 18, 1988. Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)) (VJRA § 402); *see Hamilton v. Brown,* 4 Vet.App. 528, 531 (1993) (en banc). In *Hamilton,* the Court overruled *Whitt v. Derwinski,* 1 Vet.App. 40 (1990), and held that "[t]here can be only one valid NOD as to a particular claim until a *final* RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant." *Hamilton,* 4 Vet. App. at 538. A BVA remand "is in the nature of a preliminary order and does not

constitute a final Board decision." 38 C.F.R. § 20.1101(b) (1992). Therefore, where a claim is in "appellate status" by virtue of a previously filed NOD, the claimant may not file an additional NOD as to that claim. *Hamilton,* 4 Vet.App. at 541.

An NOD is "[a] written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the [RO] and a desire to contest the result". 38 C.F.R. § 20.201 (1992). To be valid, an NOD must have been filed with the RO by the claimant or representative within "one year from the date of mailing of notice of the result of initial review and determination" made by the RO. 38 U.S.C.A. § 7105(b)(1) (West 1991).

In the instant case, the VARO on September 10, 1985, denied the veteran's claims for increased compensation for several service-connected disabilities, including his left-shoulder disability. R. at 24–26. In his June 1993 memorandum, the Secretary states that there is no evidence in the veteran's claims file indicating if or when notice of that decision was mailed to the veteran. The veteran on October 15, 1986, filed with the RO a letter, which he stated was in reference to an "appeal for all service connected claims", and in which he expressed disagreement with the RO decisions on his "last claim for compensation increase" and requested a hearing. Prelim. R., ex. 2. Neither the preliminary record nor the record reflects any RO adjudications subsequent to the September 10, 1985, adjudication and prior to the veteran's October 15, 1986, letter, received by the RO more than a year later.

In January 1987, the veteran appeared at the RO at a personal hearing, which the RO stated was held "on appeal to the [BVA]". R. at 38. The RO again denied the veteran's claims in a February 26, 1987, confirmed rating decision (R. at 57), and on March 2, 1987, issued a Statement of the Case (SOC) informing the veteran, inter alia, that he had filed an NOD, but not stating the date of the NOD (R. at 58–65). On September 30, 1987, the veteran filed a

VA Form 1–9 (Appeal to BVA), expressing disagreement with the March 2, 1987, SOC informing him of the February 26, 1987, RO decision, and requesting a hearing before the BVA. R. at 69. That hearing was held in May 1988. R. at 93. On June 21, 1988, the BVA remanded to the RO, for further development, the veteran's claim for an increased rating for his left-shoulder disability. R. at 94–96. After conducting the additional development on remand, the RO in August 1989 issued a confirmed rating decision and a Supplemental SOC (SSOC). R. at 123–29. In September 1989, the veteran filed another VA Form 1–9, expressing disagreement with the August 1989 SSOC and requesting a hearing before the RO. R. at 132.

In his June 14, 1993, memorandum, the Secretary states that "[w]hile ... it is not particularly clear what document was viewed by the RO as an NOD to the September 1985 rating decision, the case was clearly in appellate status before March 1987, and probably at the time of the January 1987 hearing." Mem. at 5. In his July 19, 1993, reply, appellant asserts that he filed valid NODs on May 15, 1989 (a letter to the RO expressing disagreement with the June 21, 1988, BVA remand decision), and August 31, 1990 (a Notice of Appeal to this Court from the May 10, 1990, BVA decision denying the claim). Resp. at 3, ex. D, E.

If the veteran had, as the Secretary asserts, filed a valid timely NOD as to the left-shoulder claim prior to January or March 1987, such NOD would be insufficient to confer jurisdiction upon this Court under VJRA § 402, and the veteran could not have filed another valid NOD as to that claim unless the claim had been the subject of a *final* RO or BVA decision or the prior NOD had been withdrawn. *See Hamilton*, 4 Vet.App. at 538. Although the January 1987 RO hearing transcript and the March 1987 SOC indicate that the veteran's left-shoulder claim was on appeal at those times, the fact, conceded by the Secretary, that the veteran's VA claims file contains no evidence as to when the veteran was informed of the September 1985 RO deci-

sion nor any documents filed with the RO by the veteran within one year after that 1985 decision, leaves this Court with little basis upon which to determine whether a timely NOD was in fact filed with respect to that September 1985 decision. It is not necessary, however, for the Court to make that determination.

If the Court were to conclude that the veteran had not filed a valid NOD with respect to the September 1985 RO denial of his left-shoulder claim, his September 30, 1987, VA Form 1–9 (R. at 69) would in that event constitute a valid NOD so as to place the left-shoulder claim in appellate status for purposes of review by the Board. Because the veteran filed that document with the RO within one year after the February 1987 RO decision denying his left-shoulder claim (R. at 57) and that document expresses disagreement with and a desire to appeal that decision to the BVA, it meets the statutory and regulatory requirements for an NOD. *See* 38 U.S.C.A. § 7105(b); 38 C.F.R. § 20.201; *see Zevalkink*, slip op. at 7 (concluding that holding in *Malgapo v. Derwinski*, 1 Vet.App. 397, 398–99 (1991), that VA Form 1–9 can be valid NOD was implicitly reaffirmed by the en banc Court in *Hamilton*, 4 Vet.App. at 538, as long as a prior NOD had not been filed as to the particular claim). Because that document was filed prior to November 18, 1988, it would be insufficient, if it were a valid NOD, to give this Court jurisdiction over that claim on appeal from the BVA.

Neither of the documents relied on by appellant as NODs—the May 15, 1989, letter to the RO expressing disagreement with the June 21, 1988, BVA remand decision, nor the August 31, 1990, Notice of Appeal to this Court from the May 10, 1990, BVA decision—may constitute valid NODs as to the left-shoulder claim under *Hamilton* because that claim was already on appeal by virtue of a prior NOD. The same is the case as to the September 1989 VA Form 1–9. Furthermore, neither of the former two documents could be a valid NOD under 38 U.S.C.A. § 7105(b)(1) and 38 C.F.R. § 20.201, because those documents

express disagreement with determinations of the BVA rather than the RO.

The Court holds, therefore, that the veteran's NOD as to his left-shoulder claim was filed prior to November 18, 1988, and that the Court is thus without jurisdiction to review the May 10, 1990, BVA decision denying that claim. *See Hamilton, supra.*

On consideration of the foregoing, it is

ORDERED that the Secretary's motion to dismiss is granted and the appeal is dismissed for lack of jurisdiction.