NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**CARLOS R. GARCIA RODRIGUEZ,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7173

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-3655, Judge Mary J. Schoelen.

---

Decided: January 12, 2012

---

CARLOS R. GARCIA RODRIGUEZ, of Providence, Puerto Rico, pro se.

STACEY K. GRIGSBY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN

F. HOCKEY, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and TRACEY P. WARREN, Attorney, United States Veterans Affairs, of Washington, DC.

———————————

Before DYK, SCHALL, and MOORE, *Circuit Judges*.

PER CURIAM.

Carlos R. Garcia Rodriguez appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), *Rodriguez v. Shinseki*, No. 09-3655, 2011 WL 1485471 (Vet. App. Apr. 20, 2011). The Veterans Court affirmed an August 10, 2009, decision by the Board of Veterans' Appeals ("Board"), which denied entitlement to an effective date earlier than April 3, 1990, for an award of service-connected disability. We *affirm*.

## BACKGROUND

The appellant served on active duty in the U.S. Army from May 1968 to February 1970. After leaving the service, the appellant filed a claim for service-connected disability for headaches and nervousness. A Department of Veterans Affairs regional office ("RO") denied the appellant's claim in November 1970. The appellant submitted additional arguments and evidence supporting his claim for service connection in October 1971, but the RO confirmed the denial of service connection in January 1972. The RO explained that if the appellant believed the RO's decision was incorrect, he "may initiate an appeal to the Board . . . by filing a [N]otice of [D]isagreement [(NOD)] at any time within one year from the date of this letter." *Rodriguez*, 2011 WL 1485471, at *1 (quoting the RO letter) (alterations in original); *see* 38 U.S.C.

§ 7105(a)-(b)(1).[1]   The letter further explained that an
NOD is a "written communication which makes clear your
intention to initiate an appeal." *Rodriguez*, 2011 WL
1485471, at *1 (quoting the RO letter); *see* 38 C.F.R.
§ 20.201.

The RO subsequently received three separate letters
from the appellant.  First, in April 1972, the RO received
a letter from the appellant expressing his disagreement
with the RO's denial of his claim.  Second, in September
1972, the RO received a letter from the appellant again
expressing his disagreement with the RO's denial of his
claim.  The September 1972 letter specifically stated:

> I do not agree with your decision because in
> my opinion those conditions are service-connected
> . . . .
>
> I respectfully request from you the statement
> of [the] case because I have decided to initiate my
> appeal before the Board of Veterans Appeals in
> Washington, D.C.  Please consider this as a notice
> of disagreement for the proper action.

Resp't-Appellee App. 36-37; *see also Rodriguez*, 2011 WL
1485471, at *1-2.  Finally, in January 1973, the RO
received a third letter from the appellant.  The January
1973 letter stated:

> I do not agree with that decision because my
> conditions are service-connected because they
> originated from [an] incident . . . which caused me

---

[1]   The statute governing appeals to the Board that
was in effect at the time of the appellant's letters, 38
U.S.C. § 4005 (1970), is nearly identical to the governing
statute today, 38 U.S.C. § 7105.  For the purposes of this
opinion, we will refer to 38 U.S.C. § 7105.

injury (physical and emotional), during service in December 1969 . . . .

I respectfully request the statement of the case because I have the intention to initiate an appeal before the Board of Veterans Appeals . . . .

Resp't-Appellee App. 39; *see also Rodriguez*, 2011 WL 1485471, at \*2.

In July 1973, the RO issued a statement of the case, continuing to deny service connection for the appellant's nervousness and headaches. An RO letter accompanying the statement of the case explained the required procedures for an appeal. The letter explained that the statement of the case was an explanation of the reasons for the denial, required in response to the appellant's NOD so that the appellant could "make the best possible argument" in an appeal to the Board. *Rodriguez*, 2011 WL 1485471, at \*2 (quoting the RO letter); *see* 38 U.S.C. § 7105(d)(1). The RO letter further explained that the appellant's "'Substantive Appeal' should be set out on the attached VA Form 1-9," which must be filed within 60 days. *Rodriguez*, 2011 WL 1485471, at \*2 (quoting the RO letter); *see* 38 U.S.C. § 7105(d)(3); 38 C.F.R. § 20.202. No VA Form 1-9 or other correspondence containing the necessary information was filed within 60 days.

Many years later, on April 3, 1990, the appellant filed the claim which is the subject of this appeal. The RO awarded service connection for an anxiety disorder (rated at 70% disabling) and for a total disability rating based on individual unemployability ("TDIU"), both effective April 3, 1990. The appellant subsequently appealed the effective dates of both awards to the Board.

The appellant argued that the September 1972 letter was actually a substantive appeal to the denial of his

1970 claim, despite the fact that it preceded the July 1973 statement of the case. According to the appellant, the effective date of his service connection and TDIU could be based on his 1970 claim because the resolution of that claim had not become final due to the allegedly unresolved appeal. In a 2004 decision, the Board acknowledged that an earlier effective date could be warranted if a prior service connection claim had not become final. *See Rodriguez v. Nicholson*, No. 04-1702, 2007 WL 470261, at *2 (Vet. App. Jan. 29, 2007). However, the Board characterized the April 1972 letter and the September 1972 letter as NODs. The Board also found that the appellant had failed to file a substantive appeal following the July 1973 statement of the case and that the appellant's 1970 claim had become final. Accordingly, the Board held that the appellant was not entitled to an effective date earlier than April 3, 1990, for the award of service connection for an anxiety disorder and TDIU. The appellant subsequently appealed to the Veterans Court.

In a January 2007 decision, the Veterans Court determined that there could only be one NOD to initiate an appeal, and thus the April 1972 letter and the September 1972 could not both be NODs. *Rodriguez*, 2007 WL 470261, at *4. The Veterans Court remanded the case to the Board to determine "whether the September 1972 statement satisfied the requirement of a Substantive Appeal . . . notwithstanding the fact that the RO did not issue [a statement of the case] until July 1973." *Id.*

In an August 2009 decision, the Board again determined that the appellant's September 1972 letter was not a substantive appeal. The Board reasoned that the language in the September 1972 letter demonstrated that the appellant did not intend the September 1972 letter to be a substantive appeal. According to the Board, the letter demonstrated the appellant's understanding that he

needed to submit an appeal after receiving a statement of the case. Because the Board did not consider the September 1972 letter to be a substantive appeal, the Board found that no appeals were pending at the time of the appellant's April 3, 1990, request to reopen his claim for service connection. Thus, the Board held that April 3, 1990, was the earliest possible effective date for the award of service connection for an anxiety disorder and TDIU.

The appellant subsequently appealed the Board's August 2009 decision to the Veterans Court. The Veterans Court agreed with the Board that the appellant's September 1972 letter "reflect[ed] a general understanding of the appeals process, i.e., that an appeal to the Board follows the RO's issuance of [a statement of the case]." *Rodriguez*, 2011 WL 1485471, at *6. The Veterans Court also found that the appellant's January 1973 letter requesting the VA to issue a statement of the case because of his "intention to initiate an appeal" further established the appellant's "understanding that further action was necessary to complete his appeal." *Id.* Because the 1970 claim had become final, the Veterans Court affirmed the Board's decision that April 3, 1990, was the earliest possible effective date for the award of service connection for an anxiety disorder and for TDIU. The appellant timely appealed to this court.

## DISCUSSION

Under 38 U.S.C. § 7292(c), our jurisdiction to review Veterans Court decisions is limited to "challenge[s] to the validity of any statute or regulation or any interpretation thereof." We may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case" unless the appeal "presents a constitutional issue." *Id.* § 7292(d)(2); *see*

*Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010). As we held in *Rivera v. Shinseki*, 654 F.3d 1377, 1382 (Fed. Cir. 2011), "[w]here . . . the underlying facts are undisputed, it is within our jurisdiction to decide the ultimate legal question."

The appellant argues that the September 1972 letter should be treated as a substantive appeal. The statute governing appeals to the Board states in relevant part: "Appellate review will be initiated by a notice of disagreement and completed by a substantive appeal after a statement of the case is furnished . . . ." 38 U.S.C. § 7105(a). "The appeal should set out specific allegations of error of fact or law, such allegations related to specific items in the statement of the case." *Id.* § 7105(d)(3).

This court recently held that "[s]ection 7105(d)(3) does not prescribe a particular format for the veteran's appeal or a particular degree of specificity that must be provided." *Rivera*, 654 F.3d at 1381. In *Rivera*, we considered whether a letter from a veteran submitted after a statement of the case had been issued could be sufficient to qualify as a substantive appeal in the absence of a VA Form 1-9. *Id.* at 1378, 1381-82. Because the veteran's letter was, under the circumstances, "sufficient to identify the issue on appeal," we held that the veteran had "satisf[ied] the statutory standard" for filing a substantive appeal. *Id.* at 1382.

The present case, however, is distinguishable from *Rivera*. Here, the appellant's September 1972 letter was filed before the statement of the case was issued in July 1973. Moreover, the September 1972 letter was labeled as a "notice of disagreement" and requested that the RO issue a "statement of [the] case." Resp't-Appellee App. 37. As the Board and the Veterans Court found, the language in the letter itself showed the appellant's understanding

of the appeal process, and specifically, that the appellant understood he needed to file an appeal after receiving the statement of the case that he requested.[2]  In such circumstances, we hold that the September 1972 letter does not qualify as a substantive appeal as required by statute. Because no appeals were pending at the time of the appellant's April 3, 1990, request to reopen his claim, the appellant is not entitled to an earlier effective date for the award of service connection for an anxiety disorder and TDIU.

COSTS

No costs.

---

[2]    We previously held that, as a jurisdictional matter, there can only be one notice of disagreement. *Hamilton v. Brown*, 39 F.3d 1574, 1582, 1584 (Fed. Cir. 1994) (citing Veteran's Judicial Review Act, Pub. L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (repealed in part by Pub. L. No. 107-103, § 603(c), 115 Stat. 976, 999 (2001))).   But nothing in *Hamilton* suggests that the appellant's September 1972 letter should be, under the circumstances, construed as anything other than an attempted further notice of disagreement, or that the September 1972 letter should be treated as a substantive appeal.