REYNA, Circuit Judge,
dissenting.
The majority concludes that Mr. Morrison’s arguments are procedurally barred on the basis that he failed to file a notice of disagreement with the regional office’s December 1981 decision to discontinue his benefits. I find no procedural bar in this case. Mr. Morrison’s January 14, 1982 letter to the Department of Veterans Affairs (VA) on its face shows that he disagreed with the VA’s action, a statement that raises his 38 C.F.R. § 3.655 arguments properly before this court. Mr. Morrison also preserved his 38 C.F.R. § 3.343 arguments by making them in his *923 recent appeal to the Court of Appeals for Veterans Claims. For these and other reasons I set out below, I respectfully dissent.
The majority bars Mr. Morrison’s argument that the 1984 Board committed clear and unmistakable (CUE) error when it discontinued his benefits without considering the adequacy of his reasons for missing his examination after concluding that Mr. Morrison never filed a notice of disagreement with the December 1981 decision. My colleagues suggest that a letter from Mr. Morrison dated August 24, 1981 “merely sought reopening of his case after the discontinuation was effected.” Maj. Op. 920. Treating Mr. Morrison’s letter as a request to reopen his case, as the VA did, overlooks the date the letter was actually received by the VA and the clear statement that the VA not stop his compensation benefits. Under the regulations, Mr. Morrison’s August 24, 1981 letter is a notice of disagreement, not a request to reopen his case as the VA erroneously concluded.
The 1981 regulation defining a notice of disagreement simply requires:
A written communication from a claimant or his representative expressing dissatisfaction or disagreement with an adjudicative determination of an agency of original jurisdiction. The notice should be in terms which can be reasonably construed as evidencing a desire for review of that determination. It need not be couched in specific language. Specific allegations of error of fact or law are not required.
38 C.F.R. § 19.113 (1981) (emphases added). A notice of disagreement is “the claimant’s notification to the [VA] that he is challenging the regional office’s decision ... by appealing it to the Board of Veterans Appeals.” Hartman v. Nicholson, 483 F.3d 1311, 1314-15 (Fed.Cir.2007) (emphasis added). It “initiates board review of a determination of an agency of original jurisdiction,” Burton v. Derwinski, 933 F.2d 988, 989 (Fed.Cir.1991) (citing 38 U.S.C. § 4005), but does not serve as the notice of appeal itself. Instead, the VA first attempts to resolve the disagreement, but if unsuccessful, it issues a statement of the case. 38 C.F.R. § 19.114(a), (b). The veteran then has the option to perfect a substantive appeal upon receipt of the statement of the ease. Id. § 19.116. Thus, the notice of disagreement merely provides notice of the veteran’s disagreement without any particular format or degree of specificity being required; what matters is that the notice is filed with the VA within the statutory window. See Rodriguez v. Shinseki, 455 Fed.Appx. 994, 998 (Fed.Cir.2012) (citing Rivera v. Shinseki, 654 F.3d 1377, 1381 (Fed.Cir.2011)).
Mr. Morrison’s letter to the VA qualifies as a notice of disagreement under these regulations. The letter is signed by Mr. Morrison and dated August 24, 1981, but the VA received the letter on January 14, 1982 — within one year of its December 1981 decision. It identifies his address as Avila Beach, CA and instructs the VA to “[p]lease note my correct address as given below.” Joint App’x 65. In addition, Mr. Morrison asked the VA to “not stop [his] compensation as [he] need[ed] the income.” Id.
The majority appears to assume that the letter was sent on or about August 1981. A reasonable conclusion is that Mr. Morrison did not send his letter in August 1981, but instead sent it after his benefits were discontinued on December 22, 1981 as the circumstances suggest.[1]
*924 The request to “not stop my compensation as I need the income” is a clear disagreement with a determination discontinuing compensation. Since the regulations do not require a notice of disagreement to be couched in specific language, Mr. Morrison’s objection to the halt of his compensation satisfies the requirement of a notice of disagreement under the regulations. § 19.113; see Collaro v. West, 136 F.3d 1304, 1309 (Fed.Cir.1998) (concluding that the veteran raised constitutional and statutory issues even though the VA only resolved factual issues in response to a vague notice of disagreement); Comer v. Peake, 552 F.3d 1362, 1368 (Fed.Cir.2009) (holding that the VA is obligated to read appeal filings in a liberal manner).
In my view, Comer controls this case. In that case, the veteran, who was acting pro se at that time, appealed a VA decision that granted him an increased post-traumatic stress disorder (PTSD) disability rating and a total disability based on individual unemployability (TDIU) award, but only sought an early effective date for the PTSD disability rating. Even though the veteran was represented by counsel in his later CUE claim for an earlier effective date for his TDIU award, this court nevertheless held that he was entitled to a sympathetic reading of his earlier notice of disagreement filing and refused to find waiver. Indeed, it concluded that “the VA’s duty to read an appeal submission sympathetically to ascertain all potential claims it contains is antecedent to its duty to ensure that an issue has been properly raised on appeal.” Comer, 552 F.3d at 1368. In doing so, the court emphasized that in proceedings before the Board, “the relationship between the veteran and the government is non-adversarial and pro-claimant.” Id. The majority’s decision to harshly apply the notice of disagreement requirement is contrary to congressional purpose behind the veterans’ benefits system. See Jaquay v. Principi, 304 F.3d 1276, 1280 (Fed.Cir.2002) (“Congress’s paternalistic veterans’ benefits system carets] for those who served their country in uniform.”). Similarly, the VA’s decision to disregard Mr. Morrison’s notice of disagreement contravenes its regulations and constitutes legal error. I conclude that Mr. Morrison’s letter satisfies the regulations as a notice of disagreement with the VA’s December 22,1981 decision to discontinue his benefits.[2]
The Court of Appeals for Veterans Claims compounded its error by failing to address Mr. Morrison’s substantive argument concerning discontinuance. Specifically, Mr. Morrison argued that pursuant § 3.655, the VA could not discontinue his benefits without first determining that he lacked adequate reasons for failing to report to his VA examination. Rather than addressing this argument, the Court of Appeals for Veterans Claims cites cases to *925 justify its requirement that Mr. Morrison establish that his was the “only and correct” interpretation of the law. Morrison v. Shinseki, No. 09-4268, 2012 U.S.App. Vet. Claims LEXIS 299, at *17, 2012 WL 603577, at *6 (Vet.App. Feb. 27, 2012) (citing Hilkert v. West, 12 Vet.App. 145, 151 (1999) (en banc) (“An appellant bears the burden of persuasion on appeals to this Court”), aff'd, 232 F.3d 908 (Fed.Cir.2000) (per curiam) (table); Berger v. Brown, 10 Vet.App. 166, 169 (1997) (“[T]he appellant ... always bears the burden of persuasion on appeals to this Court.”)). But the cases cited by the Court of Appeals for Veterans Claims stand for the unremarkable proposition that a veteran bears the burden of persuasion on factual issues, not on establishing that his interpretation of the law is the only and correct one. Such a requirement imposes an exacting and unreasonable standard — one that is not recognized by this court or the Court of Appeals for Veterans Claims, precisely because it is contrary to the uniquely pro-claimant scheme Congress established for handling veterans’ claims. See Barrett v. Nicholson, 466 F.3d 1038, 1044 (Fed.Cir.2006); Hodge v. West, 155 F.3d 1356, 1362-64 (Fed.Cir.1998).
In addition, the Court of Appeals for Veterans Claims committed error in its refusal “to speculate as to what the law meant at the time.” Morrison, 2012 U.S.App. Vet. Claims LEXIS 299, at *17, 2012 WL 603577, at *6. When the meaning of a statute is involved, statutory interpretation is not speculation or optional. It is a process that courts are obligated to undertake. The Court of Appeals for Veterans Claims refusal to interpret the law that was in effect in 1981 constitutes legal error. See 38 U.S.C. § 7261(a)(1). On this point alone, I would vacate and require the court on remand to determine the whether § 3.655 as codified in 1981 required an adequate reason determination and, if so, whether the facts establish an adequate reason for Mr. Morrison to miss his December 1981 examination.[3]
Finally, I disagree with the majority’s conclusion that Mr. Morrison’s § 3.343 arguments are proeedurally barred. The majority is incorrect that Mr. Morrison never presented his § 3.343 argument to the Court of Appeals for Veterans Claims. The record shows that Mr. Morrison argued that absent an adequate reason determination, the VA “was required to follow the rules for reducing a grant.” Joint App’x 124 (citing 38 C.F.R. § 3.343(a) (1981)). He further asserted that had the VA correctly applied the regulation, the VA “ultimately would have assessed the case under the standard contained in § 3.343 (material improvement based on ‘all the facts of record’ with consideration given ‘to whether the veteran attained improvement under the ordinary conditions of life’).” Joint App’x 126. The Court of Appeals for Veterans Claims recognized as much. Morrison, 2012 U.S.App. Vet. Claims LEXIS 299, at *16, 2012 WL 603577, at *6 (“[Mr. Morrison] argues that the Board instead was required to follow the rule on reduction of ratings under 38 C.F.R. §§ 3.105, 3.343 (1981).”). Thus, *926 while the majority is correct that Mr. Morrison did not challenge the Board’s holding that § 3.343 does not apply to a veteran who properly has his disability benefits discontinued, Mr. Morrison did preserve his argument that had his benefits not been improperly discontinued under § 3.655, the VA could not properly have reduced his rating from 100% to 0% (eventually 10%) without complying with § 3.343(a). The majority errs in requiring Mr. Morrison to press a separate argument based on § 3.343 when he unquestionably argued § 3.343 in conjunction with his § 3.655 argument.
The majority concludes that there is no reason to believe Mr. Morrison’s evaluation would have had a different result whether conducted under § 3.343 instead of § 3.655. Once § 3.655 was applied, Mr. Morrison was effectively required to start from scratch, meaning he had to establish service connection. See 38 U.S.C. § 5107(a). On the contrary, had Mr. Morrison been able to show that he had an adequate reason for missing his examination, his benefits could have been reduced only upon a showing of material improvement. 38 C.F.R. § 3.343(a) (1981). The VA’s findings of “no objective evidence of disability” and “little objective physical findings to substantiate a diagnosis of post concussion syndrome” do not necessarily meet the material improvement standard. It remains that the claimed error could have manifestly changed the outcome of the case. See 38 C.F.R. § 20.1403(a). From the majority’s contrary conclusions, I respectfully dissent.

. It is unreasonable to assume that the letter was sent on or after August 24, and received by VA on or after January 14, 1982. Such an interpretation would require serious skepti *924 cism of the operations of either the U.S. Post Office or the VA. I am unwilling to subscribe to this interpretation in this case given that the VA benefits from the presumption of regularity in related circumstances. See Miley v. Principi, 366 F.3d 1343, 1347 (Fed.Cir.2004) ("The presumption of regularity provides that, in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties.”). Mishandling by the VA in this case would not be unexpected considering that Mr. Morrison's letter has no less than three dates stamped on it, including January 14, 1982, February 1, 1982, and February 3, 1982. Joint App’x 65-66.

. The majority suggests that our limited subject matter jurisdiction precludes us from concluding that Mr. Morrison’s letter was a notice of disagreement. See Maj. Op. 920 (citing 38 U.S.C. § 7292(d)(2)). I agree with Mr. Morrison that the VA’s interpretation of the 1981 notice of disagreement regulation is a legal issue properly before this court.

. The VA inconsistently concluded that Mr. Morrison had an adequate reason for missing his May and July 1981 examinations, but not his December 1981 examination. See Joint App’x 51-54. The notices for the May and July examinations were sent to Newhall, CA after Mr. Morrison’s address was changed to that location even though he was still residing in Eureka, CA. Similarly, the notice for the December examination was sent to Fairbanks, AK after the VA changed Mr. Morrison’s address to that location even though Mr. Morrison notified that VA at least as early as October 13, 1981 that he was living in Avila Beach, CA. Remand would give the VA an opportunity to address the inconsistent outcomes between these otherwise consistent circumstances.